IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK DARNELL GAY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0608-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Patrick Darnell Gay, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to burglary of a habitation and was sentenced to 10 years confinement, probated for five years, and a $1,500 fine. While on probation, petitioner failed to report to his supervising officer and absconded from a drug aftercare facility before completing inpatient treatment. Based on these violations, which were admitted by petitioner, the trial court revoked his probation and sentenced him to five years imprisonment. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was dismissed without written order. *Ex parte Gay*, No. 48,419-02 (Tex. Crim. App. Feb. 9, 2005). Petitioner then filed this action in federal court.

II.

In three grounds for relief, petitioner contends that: (1) his conviction was obtained by use of a coerced confession; (2) he received ineffective assistance of counsel; and (3) the prosecutor failed to disclose evidence favorable to the defense.

Respondent counters that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but has failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

On July 10, 2003, petitioner pled guilty to burglary of a habitation and was sentenced to 10 years confinement, probated for five years. No appeal was taken at that time. On October 7, 2004, the trial court revoked petitioner's probation and imposed a five-year prison sentence. Petitioner did not appeal his probation revocation. Instead, he filed an application for state post-conviction relief on November 30, 2004. The application was dismissed on February 9, 2005. Petitioner filed this action in federal court on March 22, 2005.

The AEDPA statute of limitations on any claims arising out of petitioner's guilty plea started to run on August 9, 2003--30 days after he pled guilty was placed on probation. *See Freshley v. Cockrell*, No. 3-02-CV-0434-R, 2002 WL 1575398 at *2 (N.D. Tex. Jul. 15, 2002) (Kaplan, J.).[2] Yet petitioner waited more than one year before seeking state or federal post-conviction relief. No explanation has been offered to justify this delay. The court therefore determines that petitioner's claims are time-barred.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] It is important to note that petitioner was placed on straight probation, not deferred adjudication probation. An order placing a defendant on deferred adjudication probation is not a final judgment for limitations purposes because there has been no determination of guilt. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *2-3 (N.D. Tex. Aug. 12, 2002) (Kaplan, J.) (citing Texas law). In such cases, there is no final judgment of conviction until the trial court revokes the deferred adjudication order and actually finds the defendant guilty.

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE